UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 19-20484 |
| Plaintiff, | |
| vs. | HON: STEPHANIE DAWKINS DAVIS |
| | MAGISTRATE JUDGE: |
| JOHN C. WILLIAMS (D-3), | |
| Defendant, | |

_____

| | |
|---|---|
| ANTHONY VANCE P61148 | GLENN M. SIMMINGTON P33626 |
| Assistant United States Attorney | Law Office of Glenn Simmington, PLLC |
| Chief - Branch Offices | Attorney for Defendant |
| Attorney for Plaintiff | 503 S. Saginaw Street, Ste. 1000 |
| 600 Church Street | Flint, MI  48502 |
| Flint, Michigan 48502-1280 | 810-600-4211 |
| Phone: (810) 766-5177 | gsimmington@gmail.com |
| anthony.vance@usdoj.gov | |

_____

**MOTION FOR PRETRIAL PRODUCTION OF EVIDENCE ADMISSIBLE TO  ATTACK THE CREDIBILITY OF CO-CONSPIRATOR DECLARANTS NOT TO BE  CALLED AS WITNESSES AND MEMORANDUM OF LAW IN SUPPORT**

*NOW COMES DEFENDANT* John C. Williams, by and through his counsel, Glenn M. Simmington, and pursuant to Rule 806 of the  Federal Rules

1

of Evidence and the Government's constitutional *Brady* obligations, moves the Court for an Order requiring the prosecution to produce all evidence that would be admissible to attack the credibility of non-testifying co-conspirator declarants.

In this case, the Government most likely will seek to admit statements under Rule 801(d)(2)(E) of the Federal Rules of Evidence of co-defendants in their attempt to prove: Count One - Conspiracy to Interfere with Commerce by Robbery 18 U.S.C. § 1951; and Count Three - Conspiracy to Possess with Intent to Distribute Marijuana 21 U.S.C. §§ 841(a)(1) and 846. Rule 801(d)(2)(E) states, in pertinent part:

> *Admission of Party-Opponent*. The statement is offered against a party and is . . .
>
> (E) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy. . . . The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority . . . or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E).

When any such statement is received in evidence, "the credibility of the declarant may be attacked . . . by any evidence which would be admissible for those purposes if the declarant had testified at trial." Federal Rule of Evidence 806 states, in pertinent part:

> When a hearsay statement, or a statement defined in Rule 801(d)(2)(C), (D) or (E), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness.

This request is made separate and apart from any request for reports of interviews or statements made by prospective prosecution witnesses, which are producible as *Jencks* or *Brady* material. *Brady* generally does not apply to the delayed disclosure of exculpatory information, but only to a complete failure by the prosecutor to disclose such information. *Burns v. Lafler*, 328 F.Supp.2d 711 (E.D.Mich. 2004) citing *United States v. Agurs*, 427 U.S. 97, 106 (1976); see also *United States v. Davis,* 306 F.3d 398, 421 (6th Cir.2002). If previously undisclosed evidence is disclosed during trial, no *Brady* violation occurs unless the defendant is prejudiced by its non- disclosure. *Burns supra,* pg 724. *Citing United States v. Word,* 806 F.2d 658, 665 (6th Cir.1986); *see also United States v. Bencs,* 28 F.3d 555, 560-61 (6th Cir.1994).

As stated in dicta in *United States v Agurs supra,* at pg 103:

> The rule of *Brady v. Maryland*, 373 U.S. 83, arguably applies in three quite different situations. Each involves the discovery, after trial, of information which had been known to the prosecution but unknown to the defense. In the first situation, typified by *Mooney v. Holohan*, 294 U.S. 103, the undisclosed evidence demonstrates that the prosecution's case includes perjured testimony and that the

> prosecution knew, or should have known, of the perjury. (citation omitted). In a series of subsequent cases, the Court has consistently held that a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, (citation omitted) and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. *** The second situation, illustrated by the *Brady* case itself, is characterized by a pretrial request for specific evidence. *** A fair analysis of the holding in *Brady* indicates that implicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial.

Defendant's request is grounded on the government's constitutional obligations to disclose exculpatory information, including impeachment material, to the Defendant. The warning words of the Supreme Court in *United States v. Agurs*, *supra* pg 106, are appropriate in this context:

> Although there is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor, if the subject matter of such a request is material, or indeed if a substantial basis for claiming materiality exists, it is reasonable to require the prosecutor to respond . . . . When the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable.

The defense, especially as in this case of an indigent defendant, unlike the government, does not have the ability to call upon resources such as the Federal Bureau of Investigation. Locating and interviewing witnesses can be a frustrating and time-consuming process. When trial is underway, the

4

defense has a very limited number of hours outside the courtroom to devote to other matters. Most of that time is normally consumed with trial preparation for the following day. Furthermore, even when clients have adequate resources, and Defendant does not, investigators are not always automatically available to investigate and follow up on information provided mid-trial.

Consequently, the type of information requested in this motion is such that effective use cannot be made of it unless there has been pretrial disclosure. It is essential and constitutionally necessary that the government disclose, pretrial, the information requested in this motion.

**WHEREFORE**, for the foregoing reasons and any others which may appear to the Court following an evidentiary hearing, Defendant requests the Court to grant the relief sought herein.

Respectfully submitted,

Dated: June 23, 2020              /s/ Glenn M. Simmington_____
                                  GLENN M. SIMMINGTON  P33626
                                  Attorney for Defendant
                                  503 S. Saginaw Street, Ste. 1000
                                  Flint, MI  48502
                                  (810) 600-4211
                                  gsimmington@gmail.com

Undersigned counsel Glenn M. Simmington certifies that there was a conference between the attorneys in which the movant explained the nature of the motion and its legal basis and requested, but did not obtain, concurrence in the relief sought, in accordance with Local Rule 7.1(a).

Dated: June 23, 2020            /s/ Glenn M. Simmington_____
                                GLENN M. SIMMINGTON  P33626
                                Attorney for Defendant
                                503 S. Saginaw Street, Ste. 1000
                                Flint, MI  48502
                                (810) 600-4211
                                gsimmington@gmail.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 23rd day of June, 2020, the above Motion to Produce Evidence Admissible to Attack the Credibility of Co-Conspirators, and this Certificate of Service, was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                (s)  Glenn M Simmington_____
                                Glenn M Simmington


LOCAL RULE CERTIFICATION: I, Glenn M. Simmington, certify that this document complies with Local Rule 5.1(a), including: double-spacing (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10 ½ characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).


(s)  Glenn M. Simmington_____
Glenn M. Simmington